IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ANTHONY W. WILSON<br>682 Hawthorne Ave.<br>Cincinnati, Ohio 45205 | : | CASE NO. A 2100984 |
| | : | Judge: Tom Heekin |
| Plaintiff | : | **AMENDED COMPLAINT FOR** |
| | : | **PERSONAL INJURY** |
| -vs- | : | **AND DAMAGES** |
| JEROME HARGROVE JR.<br>1688 Winchester Way SE<br>Conyers, Georgia 30013 | : | |
| And | : | |
| ACCURATE TRANSPORTATION INC.<br>1655 Eastgate Parkway<br>Gahanna, Ohio 43230 | : | |
| And | : | |
| OHIO DEPARTMENT OF MEDICAID<br>(Collection Enforcement)<br>150 East Gay Street, 21st Floor<br>Columbus, Ohio 43215-3130 | : | |
| And | : | |
| UNITED STATES<br>INTERNAL REVENUE SERVICE<br>550 Main Street<br>Cincinnati, Ohio 45202 | : | |
| Defendants | : | |

Now comes the Plaintiff, Anthony W. Wilson, by and through counsel, and hereby states his Amended Complaint as follows:

**EXHIBIT A**

## COUNT ONE

1. On or about April 3, 2019, at approximately 8:17 a.m., Plaintiff Anthony W. Wilson was the operator of a motor vehicle lawfully traveling northbound on Interstate Route 71, in Sycamore Township, Hamilton County, Ohio.

2. At the same time and place, Defendant Jerome Hargrove Jr. was the operator of a 2016 Volvo Semi-Tractor traveling northbound on Interstate Route 71, in Sycamore Township, Hamilton County, Ohio, when said Defendant followed too closely, failed to maintain an assured clear distance ahead, and struck the rear of the vehicle which Plaintiff Anthony W. Wilson was operating, thereby causing a collision between the vehicle which Plaintiff Anthony W. Wilson was operating and the vehicle being driven by Defendant Jerome Hargrove Jr.

3. Defendant Jerome Hargrove Jr. acted without ordinary care and without warning when he failed to maintain an assured clear distance ahead in violation of Ohio Revised Code §4511.21A, and thus is negligent per se, and otherwise operated his vehicle in a negligent manner causing a collision with Plaintiff Anthony W. Wilson.

4. As a direct and proximate result of the negligence and wrongful acts of the Defendant, Jerome Hargrove Jr., Plaintiff Anthony W. Wilson has suffered very serious and lasting injuries to his body, some of which have caused severe pain and suffering of his body and mind, which are permanent and lasting in nature, that have resulted in reasonable and necessary medical expenses in an amount in excess of $27,316.79 and Plaintiff Anthony W. Wilson expects to incur additional medical expenses in an amount presently undetermined.

5. As a direct and proximate result of the carelessness and negligence of Defendant Jerome Hargrove Jr., Plaintiff Anthony W. Wilson has suffered severe mental anguish and the loss of enjoyment of life.

6. As a direct and proximate result of Defendant Jerome Hargrove Jr.'s negligence, Plaintiff Anthony W. Wilson has incurred a decrease in his earning capacity, has suffered a loss of wages in an amount yet to be determined and expects to have future lost wages as a result of his injuries caused by the negligence of Defendant Jerome Hargrove Jr.

7. As a direct and proximate result of the carelessness and negligence of Defendant Jerome Hargrove Jr., Plaintiff Anthony W. Wilson has also suffered property damage in an amount yet to be determined.

8. As a direct and proximate result of the carelessness and negligence of Defendant Jerome Hargrove Jr., Plaintiff Anthony W. Wilson has suffered

additional economic and non-economic damages in an amount yet to be determined.

## COUNT TWO

9. Plaintiff incorporates paragraphs 1-8 as if fully rewritten herein.

10. Defendant Accurate Transportation Inc. is a corporation which does business in the State of Ohio.

11. At all times relevant herein, Defendant Accurate Transportation Inc. owned the 2016 Volvo Semi-Tractor being operated by Defendant Jerome Hargrove Jr.

12. Defendant Jerome Hargrove Jr. was a permissive user of the 2016 Volvo Semi-Tractor owned by Defendant Accurate Transportation Inc.

13. At all times relevant herein, Defendant Jerome Hargrove Jr. was in the course and scope of his employment with Defendant Accurate Transportation Inc. and Defendant Accurate Transportation Inc. is thereby responsible for the actions of Defendant Jerome Hargrove Jr. while in the course and scope of his employment based on the doctrine of respond at superior.

14. Defendant Accurate Transportation Inc. negligently entrusted the aforementioned 2016 Volvo Semi-Tractor to Defendant Jerome Hargrove Jr.

15. As a direct and proximate result of the negligence and wrongful acts of the Defendant, Accurate Transportation Inc., Plaintiff Anthony W. Wilson has suffered very serious and lasting injuries to his body, some of which have caused severe pain and suffering of his body and mind, which are permanent and lasting in nature, that have resulted in reasonable and necessary medical expenses in an amount in excess of $27,316.79 and Plaintiff Anthony W. Wilson expects to incur additional medical expenses in an amount presently undetermined.

16. As a direct and proximate result of the carelessness and negligence of Defendant Accurate Transportation Inc., Plaintiff Anthony W. Wilson has suffered severe mental anguish and the loss of enjoyment of life.

17. As a direct and proximate result of Defendant Accurate Transportation Inc.'s negligence, Plaintiff Anthony W. Wilson has incurred a decrease in his earning capacity, has suffered a loss of wages in an amount yet to be determined and expects to have future lost wages as a result of his injuries caused by the negligence of Defendant Accurate Transportation Inc.

18. As a direct and proximate result of the carelessness and negligence of Defendant Accurate Transportation Inc., Plaintiff Anthony W. Wilson has also suffered property damage in an amount yet to be determined.

19. As a direct and proximate result of the carelessness and negligence of Defendant Accurate Transportation Inc., Plaintiff Anthony W. Wilson has suffered additional economic and non-economic damages in an amount yet to be determined.

## COUNT THREE

20. Plaintiff incorporates paragraphs 1-19 as if fully rewritten herein.

21. At all times relevant herein, Plaintiff Anthony W. Wilson was covered by a policy of insurance issued by Defendant Ohio Department of Medicaid.

22. Pursuant to the aforementioned coverage, Defendant Ohio Department of Medicaid has paid and/or may pay monies on behalf of the Plaintiff, Anthony W. Wilson, for medical expenses related to treatment for injuries sustained in this accident, for which Defendant Ohio Department of Medicaid has claimed or may claim subrogation and/or a right to reimbursement.

23. Defendant Ohio Department of Medicaid has a vested interest in the within action and is being joined herein as a necessary party so that it may answer, appear, and assert any such claims of subrogation and/or reimbursement.

## COUNT FOUR

24. Plaintiff incorporates paragraphs 1-23 as if fully rewritten herein.

25. Plaintiff, Anthony W. Wilson is obligated to pay taxes to the Internal Revenue Service. He is in possession of a fund as a consequence of the within action, and the Internal Revenue Service has an interest in how the fund proceeds are distributed.

26. Defendant, Internal Revenue Service has a vested interest in the within action and is being joined as a necessary party so that it may appear, answer and assert any such claims of Subrogation and/or reimbursement.

**WHEREFORE**, Plaintiff demands judgment against Defendant Jerome Hargrove Jr. in an amount in excess of Twenty Five Thousand 00/100 Dollars ($25,000.00), costs of this action, attorney fees, and other relief to which Plaintiff may be entitled in regard to Count One.

Further, Plaintiff, as to Count Two, demands judgment against Defendant Accurate Transportation Inc. in an amount in excess of Twenty Five Thousand 00/100 Dollars ($25,000.00), costs of this action, attorney fees, and other relief to which Plaintiff may be entitled in regard to Count Two.

Further, Plaintiff, as to Count Three, demands that Defendant Ohio Department of Medicaid be ordered to answer, appear, and defend its interests in the within action or be forever barred from pursuing any claims of subrogation and/or reimbursement.

Further, as to Count Four, Plaintiff demands that Defendant, United States Internal Revenue Service be ordered to appear, answer and defend its interests in the within the action.

    Respectfully Submitted,

    LAW OFFICE OF LARRY H. CREACH, ESQ. LLC

*[signature]*

Larry H. Creach (007107)
Joseph W. Gelwicks, Of Counsel (0027108)
Attorneys for Plaintiff Anthony W. Wilson
435 East Martin Luther King Drive
Suite C
Cincinnati, Ohio 45229
Phone: (513) 801-7139
Fax: (513) 421-7246
Email: josephgelwicks@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing instrument has been served upon the following by email on this _1st_ day of June, 2022.

Kevin R. Bush
10 West Broad Street, Suite 2400
Columbus, Ohio 43215
kbush@westonhurd.com
Attorney for Defendant

Mark Mathews
Mathews and Mathews Co., LPA
9109 Kenwood Rd.
Cincinnati, Ohio 45242
Attorney for Defendant, The Ohio Department of Medicaid
smm@mmlawfirm.com

_____
Larry H. Creach (007107)
Joseph W. Gelwicks, Of Counsel (0027108)

## INSTRUCTIONS TO THE CLERK

Please **serve** a copy of the Amended Complaint, with Summons, on the United States Internal Revenue Service certified mail return receipt requested, at the address in the caption.

_____
Larry H. Creach (007107)
Joseph W. Gelwicks, Of Counsel (0027108)